**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Alan Lee,  )<br>  )<br>            Petitioner,  )<br>  )<br>       v.  )<br>  )<br>Dora B. Schriro, et al.,  )<br>  )<br>            Respondents.  )<br>_____  ) | No. CV-01-2178-PHX-EHC<br>No. CV-01-2179-PHX-EHC<br>(consolidated)<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment filed pursuant to Rules 59(e) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of the United States District Court for the District of Arizona with respect to Claim 10 of the Amended Petition. (Dkt. 128.)[1] Also before the Court is Petitioner's Motion for Reconsideration of Denial of Certificates of Appealability ("COA") pursuant to Local Rule 7.2(g) with respect to Claims 1 and 10. (Dkt. 129.)

1. Reconsideration of Denial of Claim 10 on the Merits

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist.*

---

[1] "Dkt." refers to the documents in the Court's file.

1 *No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

2 *Background*

3 On the morning of August 23, 1994, the first day for jury selection in the Drury
4 murder trial, Petitioner was brought into the courtroom in both wrist and leg restraints.
5 Petitioner was brought into the courtroom in these restraints because earlier that morning
6 while in a holding cell he attacked and assaulted a deputy in an escape attempt. (*See* RT
7 8/23/94 at 21.)[2]

8 Defense counsel moved the court to have the restraints on Petitioner's wrists removed
9 so he could take notes and aid in his defense. Counsel also argued that the restraints would
10 likely be apparent to the jury. (*Id.* at 22.) Counsel further requested that should the Court
11 continue to restrict Petitioner's legs, simple restraints instead of a "hobble" be used because
12 "they are less visibly noticeable than the traditional hobble sometimes used." (*Id.* at 25.) In
13 a minute entry issued later that day after hearing oral argument from both the prosecution and
14 the defense, the trial court modified Petitioner's shackling by ordering that his legs be
15 restrained by a brace in lieu of a hobble and that one hand be free so he could take notes
16 during trial. (ME doc. 147 at 6.)[3] With these modifications, Petitioner remained partially
17 restrained in court throughout trial. On appeal, the Arizona Supreme Court affirmed the trial
18 court's determination to keep Petitioner in restraints, finding no abuse of discretion in light
19 of Petitioner's prior convictions for three armed robberies and two murders, and in light of
20 his violent assault on the deputy the morning the trial commenced.[4] *See State v. Lee* (*Lee II*),

---

[2] "RT" refers to the reporter's transcript in the Drury trial.

[3] "ME doc." refers to one volume of enumerated minute entries from the Drury record on appeal filed with the Arizona Supreme Court in Case No. CR-94-0367-AP. (*See* Dkt. 18.)

[4] During oral argument on this issue in the trial court, the prosecutor also stated that, contrary to defense assertions, Petitioner was not a model prisoner and noted that in addition to assaulting a deputy the day trial commenced, a "shank" had been found previously in his shower slippers at the jail. (RT 8/23/94 at 25.) Neither at oral argument or in his briefs has Petitioner disputed the fact of the shank incident or that he assaulted the

189 Ariz. 608, 617, 944 P.2d 1222, 1231 (1997).

*Analysis*

In the Amended Petition, Petitioner asserted that his constitutional rights were violated when he remained shackled throughout the Drury trial. (*See* Dkt. 59 at 115-18.) He argued these restraints were visible to jurors during trial, which could sway them to assume he was both guilty and dangerous, thereby prejudicing them against him and compromising his right to a fair trial. (*See id.* at 116-17.)

The Court rejected these contentions in its merits order, noting that Petitioner had made an unsupported allegation that his restraints were visible to the jury during the trial and further stating that there was no evidence in the record to support this assertion. (Dkt. 126 at 24.) The Court also stated that even if the jurors were aware of the restraints, the Arizona Supreme Court's determination that legitimate safety concerns justified the trial court's decision to keep Petitioner restrained was not based upon an unreasonable determination of the facts and, therefore, his in-court shackling did not violate the federal constitution. (*See id.* at 24-25.)

In the motion to reconsider, Petitioner contends the Court erred in determining there was nothing in the record to support his claim that jurors observed him in restraints. For the first time, he sights an exchange occurring on the third day of trial wherein defense counsel informed the court that some of the jurors were behind Petitioner as he was being led from the courtroom through a hallway en route to an elevator. (*See* RT 8/25/94 at 33-35.) Counsel moved for a mistrial, stating that the "jury certainly knows that my client is in shackles." (*Id.* at 33.) At the court's suggestion, counsel questioned the deputies who had escorted Petitioner. They stated that there were two or three jurors who saw Petitioner "walking slowly to the other side [of the hallway]." (*Id.* at 34.) Counsel further added:

> If I may, I would make the record, my client does have, not quite a hobble restraint but he does have a visible, around his black shoes that he is

---

deputy in the holding cell. (*See* RT 8/23/94 at 22-25; Dkt. 59 at 117.)

- 3 -

> wearing and dark blue pants, a device that is under his clothes for the most part but it does show a metal bracket that goes over the heels of both shoes.
>
> The braces are affixed by a tan leather strap that runs up vertically on the one side and a brown leather strap that runs horizontal around the bottom portion, and in as much as it is a metal strap area that goes under the heel of that shoe has, he would have been walking around the hallway floor outside this particular courtroom. I am sure the metal restraint would have, would have made a clanging noise similar to a horse on a cobblestone pavement.

(*Id.* at 35.) The prosecutor confirmed from one of the deputies that the jurors would have only seen Petitioner from the back and would not have seen any handcuffs; he argued to the court that there was no prejudice and the "fact the defendant is in custody is probably apparent to the jurors, the fact deputies are in the courtroom at this time." (*Id* at 33, 35.) The court summarily denied the motion for mistrial, and at no time did defense counsel request that jurors be questioned about what they might have seen.

This incident was not previously cited by Petitioner either on appeal to the Arizona Supreme Court or in his briefings in support of Claim 10. In fact, the claim in the Amended Petition challenges only the trial court's decision to keep Petitioner restrained during trial and does not assert that jurors saw Petitioner in shackles outside the courtroom. (*See* Dkt. 59 at 115-18; *see also* RT 8/23/94 at 21-26.) In any event, even accepting that several jurors saw Petitioner in transit from the courtroom to the elevator, a "brief or inadvertent glimpse" by jurors of a shackled defendant under such circumstances is not inherently or presumptively prejudicial and does not change the Court's conclusion that Petitioner's shackling during trial did not violate his constitutional rights. *See  Ghent v. Woodford*, 279 F.3d 1121, 1132-33 (9th Cir. 2002).

Petitioner also challenges the Court's conclusion that the safety concerns cited by the Arizona Supreme Court in upholding Petitioner's in-court shackling during trial were reasonable under the facts. (*See* Dkt. 128 at 3-4.) On this question, the Court declines "to rethink what the court ha[s] already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Such arguments should be directed to the court of appeals. *Sullivan v. Faras-RLS Group, Ltd.*, 795 F.Supp.

- 4 -

305, 309 (D.Ariz. 1992). The Motion to Alter or Amend Judgment will be denied.

Petitioner has also renewed his request for an evidentiary hearing with respect to Claim 10. As discussed, the Court previously concluded that this claim is meritless and has denied reconsideration of that determination. In light of those decisions, for the reasons advanced by the Court in its previous order denying evidentiary development with respect to this claim, (Dkt. 94 at 22-23), and because Petitioner has not alleged facts which, if proved, would entitle him to relief, the renewed request for an evidentiary hearing is denied.

2. Denial of COA with Respect to Claims 1 and 10

Petitioner also requests that the Court reconsider its decision not to grant a COA with respect to Claims 1 and 10. (Dkt. 129.) In failing to certify these claims, the Court implicitly determined that Petitioner had not established "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)). Nothing in the arguments advanced by Petitioner prompts the court to conclude it erred in failing to grant a COA with respect to either of these claims. The motion will be denied.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 128) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration of Denial of Certificates of Appealability (Dkt. 129) is **DENIED**.

DATED this 27th day of January, 2009.

_Earl H. Carroll_
Earl H. Carroll
United States District Judge