WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad Alan Lee,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-01-2178-PHX-GMS<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Before the Court is Petitioner Chad Alan Lee's Motion for Reconsideration. (Doc. 171.) Pursuant to Rule 7.2(g) of the Local Rules of Civil Procedure, Lee asks the Court to reconsider its order denying relief on claims remanded pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). (Doc. 170.)

On remand from the Ninth Circuit Court of Appeals, this court addressed two claims of ineffective assistance of trial counsel, Claims 2 and 5, and a claim of ineffective assistance of appellate counsel, Claim 6. (*Id.*) The Court found that the claims remain procedurally barred; granted Lee's motion to expand the record, with the exception of one exhibit, and denied his requests for discovery and an evidentiary hearing; and granted a certificate of appealability with respect to Claim 2. (*Id.*)

## **DISCUSSION**

In his motion for reconsideration, Lee asks the Court to (1) expand the record to include all exhibits submitted in support of his *Martinez* brief, including those attached at

Doc. 167-1 and Exhibit Z; (2) grant his requests for discovery and an evidentiary hearing; and (3) expand the certificate of appealability to include Claims 5 and 6. (Doc. 171.)

Motions for reconsideration are disfavored and should be denied "absent a showing of manifest error or of new facts or legal authority." LRCiv 7.2(g). A motion for reconsideration may not repeat arguments made in support of the motion that resulted in the order for which the party seeks reconsideration. *Id*.

**Claim 2**

In Claim 2, Lee alleged that counsel performed ineffectively at sentencing by failing to pursue evidence that Lee was exposed to alcohol *in utero*. The Court found that the procedural default of this claim was not excused under *Martinez* because the underlying claim of ineffective assistance of trial counsel was meritless. Specifically, the Court found that trial counsel reasonably relied on the opinion of his expert, Dr. McMahon, that Lee did not display symptoms of fetal alcohol syndrome. (Doc. 170 at 15.) The Court also found that Lee was not prejudiced by counsel's performance at sentencing because evidence of fetal alcohol syndrome would not have explained the fact that Lee played the lead role in the murders and robberies and because the aggravating factors were numerous and especially powerful. (*Id.* at 18–19.)

Lee contends that the Court should reconsider Claim 2 in the light of supplemental evidence he submitted in support of his contention that he suffers from fetal alcohol syndrome and that there was wide awareness of the effects of fetal exposure to alcohol at the time of Lee's trial. (*See* Doc. 167-1.) After the *Martinez* briefing was complete, Lee submitted a declaration by Dr. Nancy Novick Brown, a forensic psychologist and expert in fetal alcohol spectrum disorders, and a report by Dr. Philip J. Mattheis, a developmental and behavioral pediatrician who conducted a forensic examination of Lee and diagnosed him with Partial Fetal Alcohol Syndrome and Neurodevelopmental Disorder Associated with Prenatal Alcohol Exposure. (*Id.*)

The opinions of Drs. Brown and Mattheis are consistent with those of experts cited in Lee's *Martinez* brief. This supplemental information does not affect the Court's determination that trial counsel's performance was neither deficient nor prejudicial. As the

Court explained, an "expert's failure to diagnose a mental condition does not constitute ineffective assistance of counsel, and [a petitioner] has no constitutional guarantee of effective assistance of experts." *Earp v. Cullen*, 623 F.3d 1065, 1077 (9th Cir. 2010). Counsel was not obligated to seek a second opinion. *See Stokley v. Ryan*, 659 F.3d 802, 813 (9th Cir. 2011). Nor does the supplemental information alter the Court's prejudice calculation, given Lee's role in the crimes, as a leader and not a follower, and the strength of the aggravating factors.

In his motion for reconsideration, Lee, while citing the supplemental materials, merely repeats his argument that Dr. McMahon was not qualified to render an opinion on fetal alcohol syndrome and therefore counsel performed ineffectively in not seeking additional expert assistance. (Doc. 171 at 2–3.) Repeating arguments is inappropriate under 7.2(g) ("No motion for reconsideration of an Order may repeat any . . . argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

Because the claim that trial counsel performed ineffectively by failing to pursue evidence of fetal alcohol syndrome is without merit, PCR counsel did not perform ineffectively in failing to raise it. *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). ("PCR counsel would not be ineffective for failure to raise an ineffective assistance of counsel claim with respect to trial counsel who was not constitutionally ineffective."). The default of Claim 2 is therefore not excused under *Martinez* and the claim remains barred from federal review.

Lee's motion for reconsideration of Claim 2 is denied. The Court will expand the record to include the supplemental materials. (Doc. 167-1.)

Lee renews his request for discovery and an evidentiary hearing in support of Claim 2. The Court previously found that Lee failed to show "good cause" to depose counsel and that an evidentiary hearing was not warranted because there were no contested facts concerning the performance of Lee's counsel, because Lee failed to indicate what evidence he sought to develop at a hearing, and because the Court already determined that the claim was meritless. (Doc. 170 at 21–22.) Beyond reiterating that Claim 2 is colorable, Lee offers

no new arguments in support of his request for discovery and an evidentiary hearing. The requests are therefore denied.

**Claims 5 and 6**

Lee asks the Court to grant a certificate of appealability with respect to Claim 5, alleging that trial counsel performed ineffectively by failing to challenge for cause or exercise a peremptory strike against a juror who did not understand English, and Claim 6, alleging that appellate counsel performed ineffectively by failing to challenge the trial court's failure to remove the juror. The Court rejected Lee's argument that the procedural default of these claims was excused under *Martinez* by the ineffective assistance of PCR counsel. (Doc. 170 at 20.) The Court also explained that *Martinez* does not apply to claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2062–63 (2017).

Lee is not entitled to a certificate of appealability on these clams. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a certificate of appealability will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Reasonable jurists could not debate the Court's finding that Claim 6 remains procedurally barred because the United States Supreme Court has held that *Martinez* does not apply to excuse the default of claims of ineffective assistance of appellate counsel. *Davila*, 137 S. Ct. at 2062–63.

With respect to Claim 5, the Court found that trial counsel did not perform ineffectively by failing to challenge for cause or exercise a peremptory strike because such a motion would have been futile given the trial court's determination, after an extensive

colloquy, that the juror's English-language abilities were sufficient to allow him to sit as a juror. (Doc. 170 at 21.) Given this record, reasonable jurists could not debate that counsel did not perform ineffectively by failing to challenge the juror. Because the underlying claim of ineffective assistance of trial counsel is meritless, PCR counsel did not perform ineffectively in failing to raise it. *Sexton*, 679 F.3d at 1157. The default of Claim 5 is not excused and it remains barred from federal review,

Using arguments he previously made, in violation of Rule 7.2(g), Lee again challenges the Court's refusal, under *Tanner v. United States*, 483 U.S. 107, 126 (1987), and Rule 606(b) of the Federal Rules of Evidence, to consider the juror's declaration. As already explained, evidence of juror competency is admissible in a post-trial proceeding only with respect to whether "extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." Fed. R. Evid. 606(b). As the Supreme Court explained in *Tanner*, as with challenges based upon a juror's mental competence, hearing ability, or state of intoxication, a juror's lack of full understanding of the English language does not constitute an extraneous influence. 483 U.S. at 117–25. Therefore, the Court cannot consider the affidavit.

Lee's request for a certificate of appealability with respect to Claims 5 and 6 is denied.

## **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Lee's Motion for Reconsideration (Doc. 171) is **DENIED**. The record will be expanded to include Ex. 167-1.

Dated this 16th day of July, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge